# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:12CV114-RJC-DSC

| | |
|---|---|
| SEHKMET RE EL, | ) |
| Plaintiff, | ) **MEMORANDUM AND RECOMMENDATION** |
| | ) **AND ORDER** |
| v. | ) |
| GREG HOLLAND, et. al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' respective "Motion[s] to Dismiss" (documents ##5, 7 and 9), as well as the parties' briefs and exhibits. See documents ##6, 7-1, 8, and 10.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

This action involves the foreclosure of a deed of trust on real property located at 2009 Echo Lane in Gastonia, North Carolina. (hereinafter "real property"). The foreclosure proceeding culminated in a hearing before Defendant Larry Brown, Jr., Gaston County Clerk of Superior Court. On February 7, 2012, Brown entered an order granting possession of the property to Defendant Branch Banking and Trust Company. Subsequently, a writ of possession and order of ejectment were issued by an Assistant Clerk of Court and served by Defendants Carpenter, Putnam and Wyatt who are deputies with the Gaston County Sheriff's Department. Although the record is unclear on their precise roles, Defendants Holland and Moss Realty, Inc. apparently had some involvement in the foreclosure.

On February 21, 2012, the pro se Plaintiff filed his Complaint, which is nonsensical and replete with flimsy artifices such as his belief that he is an "heir" and "beneficiary" of the "Moorish nation." In essence, Plaintiff seeks to appeal the state court orders in the foreclosure proceeding to United States District Court.

The existence of subject matter jurisdiction is a threshold issue. Absent a proper basis for subject matter jurisdiction, a case must be dismissed. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

"The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). It is clear from the record that Plaintiff and many if not all of the Defendants are citizens of North Carolina. There is no diversity of citizenship. Therefore, the basis for federal subject matter jurisdiction must arise under what is commonly called "federal question" jurisdiction.

As the Fourth Circuit recently stated:

Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

<u>necessarily depends on resolution of a substantial question of federal law</u>. <u>Battle v. Seibels Bruce Ins. Co.</u>, 288 F.3d 596, 606-07 (4th Cir. 2002) (emphasis added).

Whether the Complaint is analyzed as a collateral challenge to the writ of possession or to the underlying foreclosure proceeding, there is no basis for federal jurisdiction.

The <u>Rooker-Feldman</u> doctrine bars plaintiffs from attacking state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the loser's federal rights." <u>Johnson v. DeGrandy</u>, 512 U.S. 997, 1005-06 (1994). See also <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983); <u>Rooker v. Fidelity Trust Company</u>, 263 U.S. 413, 416 (1923). Since the injuries alleged in Plaintiff's Complaint stem from the issuance and service of the writ, and Plaintiff is seeking a judgment from this Court that would have the effect of overturning this writ, his Complaint is barred by the <u>Rooker-Feldman</u> doctrine.

Similarly, foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. <u>City of Durham v. Wadsworth</u>, 2009 WL 186174 (M.D.N.C 2009) (remanding tax foreclosure action); <u>McNeely v. Moab Tiara Cherokee Kituwah Nation Chief</u>, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property ... suggests the presence of a federal question").

Accordingly, for both of these reasons, the Motions to Dismiss should be <u>granted</u>.

**ORDER**

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and

3

Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' respective "Motion[s] to Dismiss" (documents ##5, 7 and 9) be **GRANTED** and that the Complaint be **DISMISSED**.

**NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Defendant, to counsel for the remaining parties; and to the Honorable Robert J. Conrad, Jr.

4

**SO ORDERED AND RECOMMENDED.**

Signed: April 23, 2012

David S. Cayer
United States Magistrate Judge