UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-114-RJC-DSC

| SEHKMET RE EL, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| GREG HOLLAND, et.al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on Defendant Larry Brown, Jr.'s ("Brown"), "Motion to Dismiss," (Doc. No. 5), Defendants Greg Holland ("Holland") and Moss Realty, Inc.'s ("Moss Realty"), "Motion to Dismiss," (Doc. No. 7), and Defendant A.D. Carpenter ("Carpenter"), B. Putman ("Putman"), and S. Wyatt's ("Wyatt"), "Motion to Dismiss," (Doc. No. 9), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc No. 11), recommending that the Court **GRANT** Defendants' motions to dismiss. For the reasons below, the Court **GRANTS** Defendants' motions.

I.  **BACKGROUND**

On February 21, 2012, pro se Plaintiff Sehkmet Re El ("Plaintiff") filed a complaint, (Doc. No. 1) (the "Complaint"), in Federal Court alleging that the defendants wrongfully evicted Plaintiff from his land without due process. Brown filed a "Motion to Dismiss," (Doc. No. 5), on March 14, 2012. Holland and Moss Realty filed a "Motion to Dismiss," (Doc. No. 7), on March 15, 2012. Carpenter, Putman, and Wyatt filed a "Motion to Dismiss," (Doc. No. 9), on March 28, 2012. On April 23, 2012, the Magistrate Judge issued an M&R, recommending that the Court grant all three motions. (Doc. No. 11). On May 11, 2012, Plaintiff filed a "Motion for Order to Show Cause," (Doc. No. 12), and a "Motion for Entry of Default," (Doc. No. 13). On

May 16, 2012, defendants Holland and Moss Realty filed a "Motion to Strike," (Doc. No. 21), both Plaintiff's "Motion for Order to Show Cause," (Doc. No. 12), and Plaintiff's "Motion for Entry of Default," (Doc. No. 13). Neither party objected to the Magistrate Judge's statement of facts and the Court adopts it as its own. (Doc. No. 11 at 2).

## II. STANDARD OF REVIEW

The district court has authority to assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." (Id.). "In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Where a party fails to object to the Magistrate Judge's M&R, the district court may accept, reject, or modify the M&R without explanation. Camby, 718 F.2d at 199. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has reviewed the Magistrate Judge's M&R.

### III. ANALYSIS

Rule 72(b) of the Federal Rules of Civil Procedure allows a party 14 days to file specific written objections to a Magistrate Judge's proposed findings and recommendations. FED. R. CIV. P. 72(b)(2). Plaintiff has not objected to the Magistrate Judge's M&R. Plaintiff has filed a "Motion for Order to Show Cause," which demands that Plaintiff be granted writs of possession of the property involved in this action. (Doc. No. 12). Plaintiff also filed a "Motion for Entry of Default," seeking default judgment in this action. (Doc. No. 13). Plaintiff's "Motion for Entry of Default," also challenges the Magistrate Judge's authority and includes random and irrelevant quotes of law which do not address the Magistrate Judge's M&R. (Id.).

The Magistrate Judge was authorized to issue his M&R under 28 U.S.C. § 636 and this Court's referral. Plaintiff has moved for default judgment. (Doc. No. 13). Plaintiff's motion for default judgment is also meritless. Under Federal Rule of Civil Procedure 12, a defendant must respond within 21 days of service of the complaint with either an answer or a motion under Rule 12(b). FED. R. CIV. P. 12(a). Here, the Court granted the defendants until April 23, 2012 to file their response. (Doc. No. 4). The defendants then made timely motions to dismiss Plaintiff's complaint under rule 12(b). Therefore, Plaintiff's "Motion for Entry of Default," (Doc. No. 13), is **DENIED**.

As Plaintiff did not make any specific objection to the M&R, the Court reviews the Magistrate Judge's recommendation for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Here, the Court finds no clear error with the Magistrate Judge's M&R. Plaintiff appears to rely on this Court's jurisdiction over federal questions to bring his claim before this Court. Under Title 28 U.S.C. § 1331, "The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States." This statute gives lower federal courts jurisdiction to hear only cases where a well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002). There is no basis for federal jurisdiction here. Foreclosure actions brought under state law generally do not give rise to a federal question and are not a sufficient basis for subject matter jurisdiction. City of Durham v. Wadsworth, 1:09cv425, 2009 WL 186174, at *2 (M.D.N.C. 2009) (remanding tax foreclosure action); McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 1:08cv425, 2008 WL 4166328, at *1 (W.D.N.C 2008) (holding nothing in a "simple foreclosure action of real property. . . suggests the presence of a federal question"). Plaintiff does not allege diversity jurisdiction. Therefore, Plaintiff's case must be dismissed.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Larry Brown, Jr's "Motion to Dismiss," (Doc. No. 5), is **GRANTED;**

2. Defendants Greg Holland and Moss Realty, Inc.'s "Motion to Dismiss for Lack of Jurisdiction," (Doc. No. 7), is **GRANTED;**

3. Defendants A. D. Carpenter, B. Putman, and S. Wyatt's "Motion to Dismiss," (Doc. No. 9), is **GRANTED;**

4. Plaintiff's case is **DISMISSED**.

Signed: June 25, 2012

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
Chief United States District Judge